**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PATRICK BRANSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 4:22-CV-42 RLW |
| BILL STREETER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Patrick Branson's application to proceed in district court without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (ECF No. 2). Also before the Court is plaintiff's motion for appointment of counsel. (ECF No. 3). For the following reasons, the Court will deny plaintiff's motions and direct him to pay the $402 civil filing fee.

### I. Motion to Proceed *In Forma Pauperis*

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, plaintiff submitted an affidavit of financial status stating he is without means to pay the fees and costs associated with his instant lawsuit. Plaintiff attests he "currently take[s] home approximately $1000 per week of which approximately [$]550 is considered expenses, so [his] income is around [$]1800/month after expenses." (ECF No. 2 at 1). Plaintiff further states he has $16,000.00 in cash or in a checking or savings account. (*Id.* at 2). From the information provided, it appears plaintiff does not meet the economic requirements for *in forma pauperis* status, as he would not become destitute or forced to give up the basic necessities of life if required to pay the costs of his lawsuit. *See, e.g.*, *Andrews*, 2005 WL 2403449, at *1 (denying *in forma pauperis* status to plaintiff who reported a net income of $1,934.00 per month and $200.00 of available cash funds). Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis*. If plaintiff wishes to proceed with his complaint, he must pay the filing fee within twenty-one days from the date of this Memorandum and Order.

### II. Motion for Appointment of Counsel

There is no right to appointment of counsel in a civil case. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) ("There is no constitutional or statutory right for an indigent to have appointed counsel in a civil case.") (citation omitted). The Court has determined, based upon plaintiff's financial affidavit, that he does not qualify for *in forma pauperis* status. As a result, there is no basis for appointment of counsel and plaintiff's motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff wishes to proceed with the instant action, he must pay this Court's $402 civil filing fee **by February 3, 2022**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

**IT IS FINALLY ORDERED** that if plaintiff fails to timely comply with this Order and pay the Court's $402 civil filing fee **by February 3, 2022**, this case will be dismissed without prejudice and without further notice.

        */s/ Ronnie L. White*
        **RONNIE L. WHITE**
        **UNITED STATES DISTRICT JUDGE**

Dated this <u>13th</u> day of January, 2022.